# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MATHUREN,

    Plaintiff/Petitioner,

v.                                             Case No.    CV 16-1081 JAP/GBW
                                                                                  CR 14-3420 JAP

UNITED STATES OF AMERICA,

    Defendant/Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Doc. 1.*[1] Petitioner argues that (1) he was afforded ineffective assistance of counsel due to a conflict of interest; (2) he was afforded ineffective assistance of counsel prior to the entry of his guilty plea; and (3) he was afforded ineffective assistance of counsel during the sentencing phase of his case. Petitioner further argues that the trial court erred in denying his counsel's motion to withdraw. *See generally doc. 1.* The United States argues that all of Petitioner's claims are barred by his waiver of the right to collaterally attack his sentence included in his plea agreement. *See doc. 4* at 8-12.

---

[1] Citations to "Doc." refer to docket numbers filed in Case No. 16-CV-1081-JAP/GBW. Citations to "Cr. Doc." refer to the attendant criminal docket, Case No. 14-CR-3420-JAP. For filings made on both dockets, only the civil docket number is given.

1

The Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD) on March 31, 2017. *Doc. 5.* He recommended rejecting the United States' request to enforce the waiver as to Petitioner's claims based on ineffective assistance of counsel, because attacks based "on the issue of defense counsel's ineffective assistance" do not fall within the scope of the waiver. *Id.* at 5; *see also cr. doc. 47* at 7. However, the Magistrate Judge nevertheless recommended that the Court reject Petitioner's ineffective assistance of counsel claims, because (1) Petitioner failed to allege any circumstances that would amount to a "conflict of interest" under the applicable standard; (2) Petitioner failed to establish that the alleged ineffective assistance of counsel prior to the entry of his guilty plea resulted in prejudice, as necessary to succeed on that claim; and (3) Petitioner failed to demonstrate either *Strickland* prong of error or prejudice, as necessary to succeed on his claim of ineffective assistance of counsel at the sentencing phase. *See doc. 5* at 6-11.

Moreover, the Magistrate Judge recommended the Court reject Petitioner's claim regarding the denial of his counsel's motion to withdraw based on the relevant Tenth Circuit and Supreme Court jurisprudence. Specifically, the Magistrate Judge recommended the Court find that by entering a voluntary and knowing guilty plea, Petitioner waived the right to assert any independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Doc. 5* at 6

2

(citing *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Petitioner's objections to the PFRD were initially due April 14, 2017, and the deadline was then extended upon Petitioner's motion to May 18, 2017. *See docs. 5, 6, 7*. He has filed none. Furthermore, upon review of the record, I concur with the Magistrate Judge's findings and recommendations.

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 5*) is ADOPTED, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence (*doc. 1*) is DENIED.

_____
JAMES A. PARKER
SENIOR UNITED STATES DISTRICT JUDGE